IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID DUNCAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:88-0992 |
| ) | Judge Nixon |
| RICKY BELL, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Renewed Motion for Discovery (#1) (Doc. No. 67), to which Respondent has filed a Response in Opposition (Doc. No. 69).

### I. Background

Petitioner David Duncan has requested court process to secure records of the Tennessee Bureau of Investigation ("T.B.I.") and the Tennessee Bureau of Investigation Laboratory("T.B.I.L.") concerning the investigation of the deaths of Ruby Burgess and Annie Malone. Petitioner was charged and convicted of both deaths, however, only the Burgess conviction is challenged in the above-styled habeas corpus action.

By order of this Court (Doc. No. 60), Petitioner's earlier Motions for Discovery (Doc. Nos. 46, 50) were denied as premature because Petitioner had not yet filed his amended habeas petition, and therefore could not assert that the requested discovery was relevant to any claim before the Court. Petitioner was granted leave to re-file any discovery motions after the filing of his amended petition, and was further granted leave to amend his amended petition if it became necessary to do so after the conclusion of any such discovery. (Id.)

## II. Legal Standard

In federal habeas corpus proceedings:

> [a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. . . .

Rule 6(a), Rules Governing § 2254 Cases in the United States District Courts (West 2001). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-909 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300(1969)); see also Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991). Petitioner need not show that the additional discovery would definitely lead to relief. Payne v. Bell, 89 F.Supp.2d 967, 971 (W.D. Tenn. 2000). Rather, he need only show that the additional discovery would lead to relevant evidence regarding his petition. See id. "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Bracy, 520 U.S. at 909.

## III. Discussion

In the instant motion, Petitioner asks the Court to grant discovery of T.B.I. and T.B.I.L. records related to the Burgess and Malone murders. Petitioner claims these records are relevant to possible claims of constitutional error raised in his amended petition for writ of habeas corpus. Specifically, Petitioner points to six claims made in his amended petition: 1) the prosecution withheld exculpatory evidence of results of blood testing from other suspects; 2) ineffective

2

assistance of trial counsel ("IAC") for failure to investigate serology evidence; 3) IAC for failure to investigate fingerprint evidence; 4) IAC for failure to investigate other suspects; 5) actual innocence; and 6) denial of right to expert assistance. Petitioner argues that the discovery he seeks is necessary so that he may fully investigate and present his amended petition for writ of habeas corpus.[1]

Petitioner meets the good cause standard, because prior to his arrest for the deaths of Malone and Burgess several other suspects were investigated and this discovery may reveal relevant evidence in support of his claims that the prosecution withheld exculpatory evidence and that his counsel failed to investigate. In particular, another suspect was found with blood on his clothing, which was sent for testing to T.B.I.L. Further, Petitioner claims that his counsel was ineffective because he failed to fully investigate evidence of bodily fluids found in the victim, blood found in the store and blood found on a box in the cooler, to demonstrate evidence inconsistent with guilt.

The Court finds that Petitioner's discovery request satisfies the good cause requirement with respect to the records regarding the Burgess murder, as these records may provide relevant evidence supporting Petitioner's specific claims which could lead to relief being granted. <u>Bracy</u>, 520 U.S. at 908-09; <u>see also</u> <u>Henley v. Bell</u>, No. 3:98-0672 (M.D. Tenn. June 14, 1999). Respondent argues, and the Court agrees, that Petitioner has not articulated any specific reasons supporting a showing of good cause with respect to the Malone murder records, as it is not the

---

[1] Petitioner makes two other arguments: 1) that discovery is especially warranted as the state courts refused to grant access to this evidence; and 2) that this is a capital case, and as such is due heightened procedural process. The Court does not address these extraneous arguments as the Petitioner is only required to fulfil the <u>Bracy</u> standard for the Court to grant Rule 6 discovery. 520 U.S. at 908-09.

3

subject of the habeas petition currently before the Court.[2]

**IV. Conclusion**

Based on the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART the Petitioner's motion for discovery. In particular, the Court GRANTS Petitioner's motion with respect to any T.B.I. and T.B.I.L. records relating to the Burgess murder investigation, which is the subject of the instant habeas petition. The Court DENIES the Petitioner's motion in so far as he requests records regarding the Malone murder, for which he was also convicted, but such conviction is not the subject of his current petition.

It is SO ORDERED.

Entered this the  8th  day of    May   , 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]Respondent also argues that the claims upon which Petitioner basis his request for discovery, were not properly exhausted in state court and the Court is procedurally barred from considering them as the basis for Rule 6 discovery. The issue of procedural default has not yet been briefed by the parties. As, the Court is not yet in a position to rule on whether or not the claims were properly exhausted in state court, the claims remain and are properly the subject of discovery. Thus, this can not form a basis for denying Petitioner's discovery request.